## THE STATE OF KANSAS V. JOHN MOSELI.

1. INTOXICATING LIQUORS — *Illegal Sale — Information.* An information charging the unlawful sale of intoxicating liquors, verified by the county attorney upon information and belief, is sufficient for all purposes except to procure the issuance of a warrant and the arrest of the defendant; and where the defendant gives a recognizance to secure his future appearance, and subsequently pleads to the charge, without questioning the sufficiency of the verification, he waives all objections to the warrant and arrest.

2. ——— *Verification.* A verification of such a charge by the county attorney, stating positively that the allegations of the information are true, when in fact he did not see the unlawful sales made, but had received information of the same from other sources, does not invalidate the information nor prejudice the substantial rights of the defendant.

3. ——— *To Whom Sold.* In such a prosecution, it is not necessary that the information should state the names of the persons to ,whom the intoxicating liquors were unlawfully sold.

*Appeal from Montgomery District Court.*

THE opinion states the case.

*Stanford & Fritch,* for appellant:

It is not contended by appellant in this case that the court below was without jurisdiction to try him for any offense of which the county attorney had actual knowledge when he verified the information; but it is contended that he could be tried for no offense of which the county attorney had no actual knowledge when he verified the information. In *The State v. Brooks,* 33 Kas. 712, this court says: "When the complaining witness verifies an information, he must do so positively and in such a manner as to indicate that he had actual knowledge of the facts to which he makes oath; and this he does, among other things, for the purpose that a warrant may be issued against the defendant for his arrest. And it must be presumed, in the absence of anything to the contrary, that he had such actual knowledge."

The bill of rights provides, § 10, that he shall be entitled to meet the witnesses against him face to face. If entitled to meet any witness, it would certainly be the prosecuting witness; the one upon whose testimony his conviction will be based. It will, however, prove an empty privilege, if, after the testimony has all been closed, he is to learn for the first time who is the witness that claims to know the facts upon which he is to be convicted. Our statute has provided a way by which the county attorney can procure the evidence of those upon whose testimony he expects to rely for a conviction. For this purpose he is authorized to issue subpœnas, bring the witnesses before him, and take their sworn testimony in writing, showing the facts of which they claim to have knowledge.

If the state wishes to show its good faith in this class of cases, it can certainly do so in no better way than by taking such affidavit and attaching it to the information. In this case the county attorney had such affidavit in his possession, but he failed to attach such statement to the information. By his verification, he led the defendant to presume that he was charged with an offense of which the county attorney had actual knowledge. On this presumption the defendant was forced to rely; on this presumption he was forced to prepare his defense; on this presumption he was arrested; on this presumption he went to trial. And it would now seem that the simplest justice would sustain him in the claim which he now makes, that the district court had jurisdiction to try him only for an offense of which the county attorney had actual knowledge. He had a right to object to being tried for another offense. He has never waived that right, because he never knew it was in jeopardy until the state had closed its evidence against him. No issue was ever framed between the state and the defendant upon any other charge than that of an offense of which the county attorney had actual knowledge.

It is true that the legislature has provided that, in filing informations charging violations of the prohibitory law, it

shall not be necessary to state the kind of liquor sold, the quantity sold, nor the person to whom sold. And it is likewise true this court held, in the case of *The State v. Schweiter*, 27 Kas. 499, such provision not to be in conflict with § 10 of the bill of rights. But, from a perusal of that opinion, it is evident that such conclusion could only have been arrived at with hesitation. The fact that the provision is only intended to apply to informations for violation of the prohibitory law, taken in connection with the language of the court in the opinion in *The State v. Brooks*, 33 Kas. 712, in which the provision is spoken of as peculiar to this class of cases and to this state, call for a close investigation of the causes which led to the enactment of that provision. There was undoubtedly some specific and urgent reason why the legislature should, as it were, resolve itself into a court, for the purpose of determining in advance the sufficiency of this class of informations. And we cannot refrain, in passing this subject, from suggesting that the provision is one which courts ought to restrict as closely as possible. For, if it be once conceded that the legislature has the power to determine the sufficiency of informations, except as to matters of form, it would seem that the constitution has striven in vain to guard against the tyranny and oppression of arbitrary power, by vesting the judicial and the legislative functions of the government in different and distinct tribunals.

No brief on file for The State.

The opinion of the court was delivered by

JOHNSTON, J.: John Moseli was arrested and tried for a violation of the prohibitory liquor law. The information upon which he was tried contained four counts, but he was only convicted upon the first count, which charged him with an unlawful sale made July 1, 1891, without first taking out and having a permit to sell intoxicating liquors. The information was verified by the county attorney, who swore positively that the allegations contained therein were true. The county attorney elected to rely upon a sale made to one An-

derson, about which testimony was given. It appeared in the testimony that the county attorney had not actually witnessed the sale on which the conviction was had, and it is contended that the information is to be regarded as if it was verified on information and belief. The appellant therefore insists that there was no authority for the issuance of the warrant, nor for the arrest of the defendant. If we treat the information as one verified on information and belief, the objection of the defendant is not available. No motion was made to set aside the warrant nor to discharge the defendant from arrest. He voluntarily submitted himself to the jurisdiction of the court, and waived any irregularity there may have been in the verification. When arrested, he entered into a recognizance binding himself to appear at the next term of the court and answer the charge which had been preferred against him, and subsequently he pleaded to the charge without questioning the sufficiency of the verification or of the information as a basis for a warrant. A charge verified upon information and belief is good for all purposes except for the issuance of a warrant to bring the defendant into court; but when he is arrested and voluntarily enters into a recognizance to appear at the following term, and pleads to the charge made against him, he waives all objections to the warrant and arrest. (*The State v. Blackman*, 32 Kas. 615; *The State v. Clark*, 34 id. 289; *The State v. Bjorkland*, 34 id. 377; *The State v. Longton*, 35 id. 375; *City v. Keeffe*, 40 id. 275; *The State v. Ladenberger*, 44 id. 261; *The State v. Tuchman*, 47 id. 726.) The verification, however, was in positive terms, and while the county attorney may not have had such knowledge as warranted him in making a positive declaration, yet the defendant suffered no prejudice on that account. He was notified of the nature of the offense charged against him — that is, the information contained a definite charge that at a stated time and place he unlawfully sold intoxicating liquors; and this charge was verified as has been stated. It is true the names of the parties to whom the liquor was sold were not mentioned in the information; but this is not required. (*The State v. Schweiter*,

10 — 49 KAS.

27 Kas. 500; *City v. Webb*, 44 id. 71.)   The specific sale upon which a conviction was asked was particularly designated by the county attorney at the instance of the defendant, and hence he knows the transaction upon which the conviction rests, and there is no room to doubt that he was convicted of the offense charged against him, and that the evidence in the record is sufficient to sustain the conviction.

The judgment of the district court will be affirmed.

All the Justices concurring.