## THE STATE OF KANSAS v. JOE HUFFMAN.

1. STATE, *Right of, to Appeal.* The state has the right to appeal from a judgment of a district court sustaining a plea in abatement quashing the information and discharging the defendant.

2. INFORMATION — *Sufficient Verification.* An information charging the defendant with violations of the prohibitory liquor law, verified positively by the county attorney, is sufficient, where his information as to the offenses charged is based on the testimony of witnesses subpœnaed and examined under the provisions of ¶ 2543 of the General Statutes of 1889, without filing the sworn statements of witnesses.

*Appeal from Chautauqua District Court.*

INFORMATION charging *Huffman* with unlawfully selling intoxicating liquors. From a judgment, June 16, 1892, quashing the information, *The State* appeals.

*B. S. McGuire,* county attorney, for appellant.
*John W. Shartel,* for appellee.

The opinion of the court was delivered by

ALLEN, J.: The county attorney filed an information charging the defendant with the unlawful sale of intoxicating liquors, which he verified positively by his own oath. The defendant appeared and filed his plea in abatement, which reads as follows:

"Comes now the defendant, and, for his plea in abatement herein, says that this action ought to be abated, for the following reasons, to wit: That this action is instituted by the county attorney upon his own motion, and without any personal knowledge of the alleged offenses, but solely upon information by him derived from the examination of witnesses by him, taken by causing divers witnesses to appear before him in obedience to subpœnas, and to then and there testify before him, and said county attorney did then and there take such testimony, as required by law, and caused the same to be reduced to writing and signed by such witnesses, which said testimony has been suppressed by said county attorney, and not filed in this cause as required by law. Wherefore said defendant prays that said action may be abated."

To this plea the county attorney demurred. The court overruled the demurrer, held the plea good, quashed the information, and discharged the defendant. The state appeals·

A motion is filed on behalf of the defendant to dismiss the action in this court—first, because the order appealed from was not an appealable order; second, because there is no sufficient transcript of the record of the case to warrant a review. The first ground stated in the motion is not good. Section 283 of the criminal code expressly authorizes an appeal by the state in this case. Since the filing of this motion, by leave obtained from this court, the record has been withdrawn, a sufficient certificate from the clerk of Chautauqua county affixed thereto, and the transcript refiled. This obviates the second objection raised in the motion. No brief is presented on behalf of the defendant.

Paragraph 2543 of the General Statutes of 1889 authorizes the county attorney to subpœna witnesses for the purpose of

ascertaining whether violations of the prohibitory liquor law have been committed, and directs that the testimony of the witnesses shall be reduced to writing and signed by them, and then provides:

"If the testimony so taken shall disclose the fact that an offense has been committed against any of the provisions of this act, the county attorney shall forthwith file such statement, together with his complaint or information against the person having committed the offense, in some court of competent jurisdiction; and such statement or testimony, together with the information or complaint of such county attorney, when verified by him on information and belief, shall have the same effect as if such information or complaint had been verified positively."

The court below held that an information filed by the county attorney, and sworn to by him positively, in a case of this kind, where the county attorney's knowledge as to the commission of the offense was derived solely from the examination of witnesses, was insufficient to put the defendant on trial, unless the sworn statements of the witnesses were also filed with it. The correctness of this ruling is now challenged. We are unable to perceive any good reason why a county attorney may not, if he feels warranted in so doing, verify an information charging a violation of the prohibitory liquor law, as well as any other offense, positively, and why such information, so verified, is not sufficient. It may be said that the statute imposes on him the duty of filing the sworn statements of the witnesses, and that the defendant should only be placed on trial for those acts disclosed by the sworn statements, where the county attorney had no knowledge of any other violations of the law. If it be conceded that the defendant has such right, it does not necessarily follow that the information is insufficient, or that the verification thereof is defective. We are not called on to decide whether the trial court, on a motion made therefor by the defendant, ought to compel the prosecuting attorney to file these statements, nor whether, over his objection, the defendant should be forced to trial without the filing of them. We do hold,

however, that the failure to so file them does not abate the. action, and is not ground for quashing the information or discharging the defendant. (*The State v. Moseli*, 49 Kas. 142.) Judgment will be reversed.

All the Justices concurring.