THE STATE OF KANSAS V. A. J. KIRKPATRICK.

INFORMATION—*Filing Statement of Witnesses—Motion to Quash.* A county attorney is not required to file with an information charging violations of the prohibitory liquor law all the statements of witnesses taken before him in a preliminary inquiry pursuant to ¶ 2543, Gen. Stat. of 1889, but only such of them as disclose the fact that an offense has been committed; and the failure to file them will not abate the action, nor furnish ground for quashing the information or discharging the defendant.

### Appeal from Jackson District Court.

INFORMATION against *Kirkpatrick* for selling intoxicating liquors unlawfully. From a judgment quashing the information *The State* appeals. The material facts appear in the opinion.

*John T. Little,* attorney general, *C. F. Hurrel,* and *Ella W. Brown,* for The State.

*W. S. Hoaglin,* and *C. B. Hamble,* for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: An information was filed which charged A. J. Kirkpatrick with several violations of the prohibitory liquor law, and which was verified by the county attorney upon information and belief. Prior to the filing of the information, a preliminary inquiry was held by the county attorney as to whether the defendant was unlawfully selling intoxicating liquors, and the testimony of four witnesses was taken and reduced to writing, and that given by two of them was filed with the information. When the defendant was arrested, he entered into a recognizance for his appearance at the next term of the court, without questioning the verification of the information or its sufficiency as a basis for a warrant. Afterward he moved to strike from the files the testimony taken by the county attorney and filed with the information, which motion was denied. Afterward he moved

to set aside the warrant as well as the recognizance theretofore entered into by him, but both of these motions were overruled. He then moved to quash the information upon several grounds, one of which was that all of the testimony taken by the county attorney prior to commencing the prosecution had not been filed with the information, which motion was sustained, "upon the ground that the testimony of two persons which had been taken by the county attorney prior to the filing of the information had never been filed with the information and never made a part thereof." From this decision of the district court the state appeals.

The ruling cannot be sustained. The county attorney is not required to file all the testimony that may have been taken in such preliminary inquiry, but only such as discloses the fact that an offense has been committed. (Gen. Stat. of 1889, ¶ 2543.) No good purpose would be served by the filing of testimony which did not show, or tend to show, the commission of an offense. When material testimony has been taken and filed with an information or complaint verified upon information and belief, it furnishes the basis for the issuance of a warrant, and has the same effect as if the information or complaint had been verified positively. When the defendant had been arrested, however, and had entered into a recognizance, the verification of the information became immaterial. A charge verified upon information and belief is good for all the purposes of a prosecution, except for the issuance of a warrant to bring the defendant into court; and when he voluntarily enters into a recognizance to appear at the next term of court, and pleads to the charge made against him, he waives all objections to the warrant and arrest. (*The State v. Moseli*, 49 Kas. 142, and cases cited.) No prejudice could result to the defendant from the failure to file the statements of the other witnesses examined before the county attorney. These statements are filed for the benefit of the defendant, and are notice to him of the particular violations upon which the state will rely for a conviction. Having filed these statements and specifications, the prosecution is confined in its

proof to the offenses particularly specified. (*The State v. Whisner*, 35 Kas. 271; *The State v. Lawson*, 45 id. 339.) The failure of the county attorney to file the sworn statements made before him as to violations of this law was before the court in the recent case of *The State v. Huffman*, 51 Kas. 541, and it was held that the omission to file them will not abate the action, and furnishes no ground for quashing the information or discharging the defendant.

It follows that the judgment of the court quashing the information, and in discharging the defendant, must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.