The State v. McManus.

---

THE STATE OF KANSAS v. THOMAS McMANUS.

No. 338.

1. INTOXICATING LIQUORS — *Election — Practice upon Appeal.*
Where a defendant is charged before a justice of the peace with illegal sales of intoxicating liquors, and the state elects in writing to stand upon certain counts, which are specifically named, and a conviction is had upon said counts so named, and the defendant thereupon appeals to the district court, it is not error for the district court to refuse to confine the state to the evidence upon one count for the reason that the form of the verdict and judgment in the justice's court is defective.

2. ———— *Complaint—Verification.* Where a complaint is filed before a justice of the peace charging the defendant with unlawful sales of intoxicating liquors, and such complaint is verified positively by the county attorney, and the defendant proceeds to trial, and, upon conviction, appeals to the district court, and in the district court makes no objection to the verification of the complaint, the fact that the county attorney had no personal knowledge of the unlawful sales charged at the time he verified the complaint does not invalidate the complaint nor prejudice the substantial rights of the defendant.

MEMORANDUM.—Appeal from Cherokee district court; A. H. SKIDMORE, judge. Prosecution for unlawful sales of intoxicating liquors. Defendant, Thomas McManus, was convicted, and appeals. Affirmed. The opinion herein, filed June 2, 1896, states the material facts.

*W. R. Cowley,* for appellant.

*F. B. Dawes,* attorney general, and *C. A. McNeill,* county attorney, for The State.

The opinion of the court was delivered by

COLE, J.: Thomas McManus was convicted before a justice of the peace in Cherokee county upon a complaint charging unlawful sales of intoxicating liquors and the maintaining of a nuisance, and appealed from said conviction to the district court of said county, where, upon trial, he was again convicted, and from the conviction and sentence in the district court he appeals to this court.

Two questions are presented for our consideration, the first being the contention of the defendant that the court erred in overruling the motion and request made by the defendant, after the impaneling of the jury, that the state be confined on the trial to the twentieth count in the complaint. It appears that the complaint, when filed before the justice of the peace,

charged the defendant in 19 separate counts with unlawful sales of intoxicating liquor, and, in the twentieth count, with maintaing a common nuisance by keeping a place where intoxicating liquor was unlawfully sold. Upon the trial before the justice of the peace, the state, upon motion of the defendant, filed its election as to the counts upon which it would stand for conviction, specifying clearly the different sales relied upon for each count, and, in such election, abandoned the counts from the seventeenth to the nineteenth, inclusive. The jury that tried the cause before the justice of the peace returned a verdict as follows: "We, the jury, find the defendant guilty in 16 counts, including the nuisance count." And thereupon the justice of the peace, instead of providing a punishment upon each of the counts separately, fined the defendant $1,600, and committed him to the county jail for 480 days. From this conviction and sentence the defendant appealed to the district court.

Upon the trial in the district court, the defendant moved the court to compel the state to confine its evidence to the nuisance count of the complaint, for the reason, as it was claimed, that the verdict and sentence in the court below were fatally defective, excepting as to the nuisance count. The court properly overruled this motion of the defendant. It nowhere appears that any objection was made, either to the form of the verdict or sentence, upon the trial before the justice of the peace. The defendant filed his recognizance, and thereby vacated the judgment of the justice of the peace, and waived any right which he had to complain of any defect in form, either of the verdict or sentence. Besides, the election made by the state was clear and distinct, and it was easy to determine from the language of the election that the

jury found the defendant guilty upon the first 15 counts of the complaint, charging unlawful sales, and upon the twentieth count, charging the maintaining of a nuisance.

The second error complained of is the giving by the court of the following instruction :

"Some testimony has been permitted to go to you for the purpose of establishing, on behalf of the defendant, the fact that at the time of the filing of the complaint in this case C. A. McNeill, the party who certified to the complaint, had no personal knowledge, at the time of signing, verifying and filing such complaint, of the transactions or sales upon which the county attorney now relies for conviction in this case, but I say to you, that as a matter of law is immaterial under the present condition of the prosecution of this case."

It is contended by the defendant that, under the decisions of the supreme court of this state, a conviction could not be had upon any sale which was not within the personal knowledge of the prosecuting witness when he made the complaint. This complaint was made and sworn to positively by the county attorney of Cherokee county, and, upon the trial in the district court, evidence was introduced tending to show that the county attorney had no personal knowledge of the specific sales relied upon for conviction at the time the complaint was made and sworn to by him. It is the right of every defendant in a criminal case to have the complaint which charges him with a public offense positively verified by one who has a personal knowledge of the facts therein alleged, and no warrant can legally issue until such verification is made. But this right is one which may be waived by the defendant, and which he must assert at the first opportunity, if he would take advantage of it, for a complaint

sworn to upon information and belief is sufficient for all purposes excepting the issuing of a warrant; and when a defendant is arrested upon a complaint filed before a justice of the peace, and there enters upon the trial of the cause, and, upon conviction, appeals to the district court, and enters into a recognizance for his appearance at said court without questioning either the verification of the complaint or raising any objection to the warrant, he waives all objections thereto. This case appears from the record to be based upon the same state of facts as the case of *The State v. Moseli*, 49 Kan. 142, where the same doctrine as above announced is laid down. In that case, JOHNSTON, J., in delivering the opinion of the court, says:

"The information was verified by the county attorney, who swore positively that the allegations contained therein were true. The county attorney elected to rely upon a sale made to one Anderson, about which testimony was given. It appeared in the testimony that the county attorney had not actually witnessed the sale on which the conviction was had, and it is contended that the information is to be regarded as if it was verified on information and belief. The appellant therefore insists that there was no authority for the issuance of the warrant, nor for the arrest of the defendant. If we treat the information as one verified on information and belief, the objection of the defendant is not available. No motion was made to set aside the warrant nor to discharge the defendant from arrest. He voluntarily submitted himself to the jurisdiction of the court, and waived any irregularity there may have been in the verification. When arrested, he entered into a recognizance, binding himself to appear at the next term of the court and answer the charge which had been preferred against him, and subsequently he pleaded to the charge without questioning the sufficiency of the verification or of the information as a basis for a warrant. . . . The verification however was in positive terms, and while

the county attorney may not have had such knowledge as warranted him in making a positive declaration, yet the defendant suffered no prejudice on that account. He was notified of the nature of the offense charged against him — that is, the information contained a definite charge that at a stated time and place he un-lawfully sold intoxicating liquors, and this charge was verified as has been stated."

The district court therefore properly charged the jury that under the circumstances of this case the lack of personal knowledge upon the part of the county attorney was immaterial.

The judgment is therefore affirmed.

All the Judges concurring.