**STATE, Plaintiff-Appellee, v. SCRUGGS, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 4408, 4409.   Decided September 21, 1950.

Richard W. Gordon, City Atty., Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.
Howard Gillard, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a criminal action in which the defendant is charged with,

(1) The illegal sale of intoxicating liquor, to wit, wine.

(2) Keeping a place where intoxicating liquor was sold, to wit, wine.

The two cases were tried together. The question presented was whether the evidence was sufficient to warrant a conviction. It is the appellant's contention that the State failed in its proof to establish that the exhibit offered contained intoxicating liquor.

The record discloses that the bottle of wine alleged to have been purchased from the defendant was identified by the State's witness and offered in evidence as "State's Exhibit A." The label on it reads: "California Port Wine, 20 per cent by volume." Seven other similar bottles were found on the premises when a search was made. The record discloses further that the defendant took the stand in his own behalf and at page 17 of the record in response to question No. 128, he said, among other things,

"And when I opened the door he pulls out this bottle of wine" (meaning State's Exhibit A), "and he says some man had bought the wine from me."

"Q. 135. Do you always keep wine in your place? A. Oh, yes; I usually buy it by the carton.

"Q. 136. How long had you had that wine? A. Oh, about a week.

"Q. 137. Where did you get it? A. I bought it at a wine store down on Main Street; I drink it."

Wine is defined in §6064-1 GC as,

"* * * all intoxicating liquor containing not less than seven per centum of alcohol by weight and not more than 21 per centum of alcohol by volume, * * *."

After giving careful consideration to the exhibits offered in evidence and to the admissions made by the defendant we are of the opinion that the evidence was sufficient to warrant a conviction in each case. The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.