108

**NAPOLET, d. b. a. WORKINGMAN'S CAFE, Appellant, v.
BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4842.  Decided January 20, 1953.

Joseph T. Molitoris, Clarence H. Klinger, Warren, for appellant.

C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Court of Common Pleas affirming the order of the Board of Liquor Control revoking the appellant's Class D-5 permit, for the illegal sale of whiskey by the bottle, and maintaining the permit premises in an unsanitary condition in violation of the provisions of the Liquor Control Act. The Common Pleas Court found "that the order is supported by reliable, probative and substantial evidence; that it did not amount to an abuse of discretion," which the appellant urges is not in accordance with the requirements of §154-73 GC in effect at the time of the alleged violation, to wit, on April 21, 1951, and prior to the amendment which became effective on August 28, 1951.

The record discloses the hearing before the Board was had on February 5, 1952, but is silent as to the date the proceeding was instituted. Since the alleged violation occurred on April 21, 1951, it will be assumed that the proceeding was instituted soon thereafter and prior to the date of amendment. Therefore, §154-73 GC, effective on April 21, 1951, will have application. Under this section the appellant was not entitled to a de novo trial of the matter which was before the Board but only to a review of its action. The Court could not substitute its judgment for that of the Board. **Farrand v. State Medical Board, 151 Oh St 222; Meyer v. Dunifon, Director, etc., 88 Oh Ap 246.**

It is also urged by the appellant that the evidence was insufficient to establish the fact that a bottle of intoxicating liquor was sold on the permit premises for the reason that the best evidence was not produced, to wit, the bottle itself, and no showing was made that it could not be produced. The only evidence on this subject was the testimony of Carl B. Stokes, investigator for the Department of Liquor Control, who testified that the contents of the bottle was Seagram's Seven-Crown whiskey in the original bottle with seal across the top unbroken. The question therefore presented is whether "the best evidence rule" is applicable to objects and chattels. The rule as stated in 32 Corpus Juris Secundum, 706, Section 782, is as follows:

"* * * Likewise, although the best evidence rule has been applied to evidence of physical objects, the rule does not apply to proof of the nature, appearance, and condition of mere physical objects, but these facts may be proved by parol without offering the objects themselves in evidence or accounting for their absence, and even where the objects themselves are present in court. Hence, whatever the law may have been in

early times, at the present day it can be said to be well settled that the best evidence rule applies exclusively to documentary evidence; and this is the view adopted by the more modern writers on the law of evidence."

Professor Wigmore in his treatise on Evidence, Volume IV, Section 1181, states that:

"The real reason indicated for the rule shows why it has come to be generally accepted that only documents, or things bearing writing, can be within the purview of the rule.

"In the first place, it is in the terms and the construction of language that the special risk of error lies. To remember, for example, the color of a horse is a simple matter in comparison with remembering or even accurately transcribing the terms of a written warranty about the horse. In the second place, it is chiefly in respect to language that slight inaccuracies are likely to be of important legal consequence. A mistake, for example, in counting the number of bushels in a bin of wheat can hardly lead to serious consequences, but a mistake in a few letters of an ordinary deed may represent it as giving to Jones instead of to Jonas or as giving five hundred instead of four hundred acres.

"For these reasons, it is entirely proper that a rule of such strictness should not be applied so broadly as to require the production of anything but writings; and such is the accepted doctrine: * * *."

In Cincinnati N. O. & T. P. Ry. Co. v. Rawson, 9 Dec. 709, the Court held that a witness may testify that he sold shares of stock in a corporation and delivered the certificates thereof to the transferee without producing the certificates for inspection. The pronouncement in this case, we think, is in accord with the rule as laid down in Corpus Juris Secundum and Wigmore on Evidence.

We find no error in the record, our conclusion on the facts in question being the same as that of the Common Pleas Court. We also find that the order of the Board of Liquor Control was made in accordance with law.

The judgment will therefore be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.