**DAYTON** (City), Plaintiff-Appellee, v. **WINTON**, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2416. Decided May 7, 1957.

Herbert S. Beane, Law Director, William P. Keane, Pros., H. Donald Hawkins, Asst. Pros., Dayton, for plaintiff-appellee.

Louis C. Capelle, Cincinnati, for defendant-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from a conviction in the Municipal Court of Dayton wherein the defendant was charged with the illegal sale of intoxicating liquor, to-wit: a bottle of gin.

· The evidence warranted the conclusion of the trial court that the defendant, who presented no evidence in defense, did not possess a permit from the Department of Liquor Control. The defendant sold to the prosecuting witness a bottle which the State claims contains gin. At the time of the trial the alleged bottle of gin was introduced into evidence with the seal unbroken. The purchaser testified that he requested of defendant a bottle of gin, and that the bottle containing gin was sold to him by the defendant. The label on the bottle, among other things, states: "Seagram's Ancient Bottle Golden Distilled Dry Gin—Extra Dry—Distilled and Bottled by George E. Seagram and Sons, Inc., Lawrenceburg, Indiana." The bottle was sealed with the Federal Revenue Stamp and also bears the stamp of the Ohio Department of Liquor Control. The defendant contends that the evidence was not sufficient to warrant a conviction, claiming that there was no showing as to the contents of the bottle. We cannot agree. In **State v. Scruggs, 60 Abs 431,** 101 N. E. (2d) 909, the syllabus is as follows:

"Where the state in a prosecution for the illegal sale of intoxicating liquor and the keeping of a place where intoxicating liquor is sold introduced into evidence a bottle of wine, the label of which shows the contents to be 20% alcohol by volume, and also produces evidence that such wine was purchased from the defendant there is sufficient evidence to warrant a conviction."

See also **Napolet v. Board of Liquor Control, 67 Abs 108,** 119 N. E. (2d) 93, where a conviction was upheld even though the bottle was not produced in evidence.

The affidavit did not state the name of the person to whom the sale was made. In **State v. Ridgway, 73 Oh St 31,** 76 N. E. 95, it was held that where the defendant was charged with a violation of the statutes which were commonly known as the Beal Law, it was necessary to a sufficient charge against the accused to state the name of the purchaser or allege that his name was unknown to the affiant. However, the court on page 42 draws a distinction between those cases where the defendant is charged with a sale without a license and cases where the defendant is charged with selling where no license could be issued in order to legalize the sale. Beginning at page 42 the court said:

"Counsel for the state in the able brief filed, cite a number of decisions made by the courts of other states, and we have examined them. There is one remark that is common to a majority of them, and is, that they are cases where sales of intoxicating liquors were made without a license or permit. The State v. Schweiter, 27 Kan., 499, and The State

v. Moseli, 49 Kan., 142, are of this character, and so with many other cases cited in behalf of the plaintiff in error. A few are not of that character. They did not decide the question we have, for **there is a distinction between the acts involved in those cases where sales were made without a license or permit, and the act of selling where no license or permit can be issued in order to legalize the sale.** In the states where the decisions referred to were made, if the state or other proper authority granted a license for the sale of liquor, such license would be a defense, no matter as to the name of the purchaser. Selling without license constituted the gravamen of the offense, and the name of the person to whom sales were made was not material. Hence the difference in the decisions." (Emphasis ours.)

In the case at bar the defendant was charged with making a sale without a license and under the principle of law laid down in the Ridgway case it would not be essential that the name of the purchaser be stated. Furthermore, no objection was interposed in the trial court. An objection to the insufficiency of the affidavit on this ground should be made before trial; otherwise it is deemed waived. Stewart v. State of Ohio, 2 C. C. N. S., 290, 15 O. C. D., 438. The defect, if any, being a matter of form, was waived by the defendant. This assignment of error is not well made.

It was not error for the court to consider the defendant's previous record in determining his sentence.

At the time of the arrest, the officers found on the premises where the sale was made approximately 8 cases of beer, and a quantity of whiskey and gin, claimed by the defendant to have been 110 bottles, which was confiscated. The defendant filed a motion in the trial court for an order to suppress the evidence, and for the return to him of the beer and liquor, claiming that the officers took possession of said beer and liquor without a search warrant. The fact that the officers had no search warrant is not important. State v. Lindway, 131 Oh St 166, 2 N. E. (2d) 490. The motion was not directed to the bottle of gin which was sold, but only related to the beer, whiskey and gin confiscated on a second trip made by the officers to defendant's residence, about 20 minutes after the sale. The evidence shows that the beer, whiskey and gin was taken from defendant's residence, but the bottle of gin which was purchased was obtained by the defendant from some place in the rear yard. The beer, whiskey and gin confiscated was not presented in evidence.

The ruling of the court on the motion to return the confiscated articles was not made the subject of an entry. We must look to the transcript of the record taken at the trial to determine the ruling of the court. The prosecution agreed to return to the defendant certain personal belongings and money, and stated that such articles and money had already been returned. The court at one place said: "Motion overruled." We gather from the record that the motion was overruled with respect to the return of the beer and liquor, but the record is not clear on this point. No evidence was taken on the motion, and no factual statements were made by counsel on which to base a ruling. It does

not appear whether the beer and liquor was lawfully or unlawfully acquired or possessed by the defendant; whether it was contraband does not appear. The bottle of gin which was the subject of sale bore the stamp of the Ohio Department of Liquor Control; whether the confiscated beer and liquor bore the State's stamp does not appear. The evidence is insufficient to support the ruling of the trial court. The case is remanded for the purpose of a complete hearing on the motion for return of the beer and liquor.

Judgment affirmed as to conviction.

HORNBECK, PJ, CRAWFORD, J, concur.