THE CITY OF GARNETT v. THOMAS GUYNN.

No. 446.

CRIMINAL LAW—*Defective Complaint—Motion to Quash.* A complaint which is not sworn to positively is defective, and when the defendant refuses to plead or to voluntarily submit his person to the jurisdiction of the trial court, his motion to quash the complaint and set aside the warrant should be sustained.

Appeal from Anderson district court; C. A. SMART, judge. Opinion filed May 19, 1898. Reversed.

*W. S. Bemis*, city attorney, for appellee.

*N. L. Bowman*, for appellant.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced before the police judge of the city of Garnett, Kan., by the filing of a complaint, of which the following is a copy :

"STATE OF KANSAS, ANDERSON COUNTY, ss.

"D. L. Jones, city attorney, being first duly sworn, says, that he has probable cause and good reason to believe that at said city, on or about the 4th day of July, 1896, one Thomas Guynn, then and there being, was the owner, keeper and occupier of the east one-half of lot No. 5 in block No. 55 in said city, and more particularly was the owner, keeper and occupier of the second or upper story of a certain brick and stone store building located on said fractional part of said lot, together with all rooms and closets of whatsoever kind connected with or used in connection with said second or upper story or floor.

"That on or about said date, at and in the said described premises, the said Thomas Gynn, did keep and have intoxicating liquor for sale, barter, gift, distribution or division to divers and sundry persons, to the common nuisance of the people of said city, and contrary to the provisions of the ordinances of said city in such cases made and provided.

D. L. JONES, *City Attorney*."

And the issuance of a warrant, of which the following is a copy :

"SEARCH-WARRANT.—The State of Kansas, to the Marshal of the City of Garnett, greeting : Whereas, D. L. Jones, attorney of said city, has made complaint upon oath before me, the undersigned, judge of said court, that on the 4th day of July, A. D. 1896, at and within the city of Garnett, county of Anderson, one

Thomas Guynn was the owner, occupant or keeper of a certain brick and stone store building situate on the east half of lot 5, block 55, in said city, and particularly the upper story of said building, and that in said building he did keep and have at said time intoxicating liquor for sale, barter, gift, division, or distribution :

· "These are, therefore, to command you, in the name of the city of Garnett, with the necessary and proper assistance, to enter in the daytime into the aforesaid described premises of the said Thomas Guynn, and there diligently search for said goods, chattels, and intoxicating liquors ; and if the same, or any part thereof, be found upon such search, that you bring the goods so found and also the body of Thomas Guynn forthwith before said court, to be disposed of and dealt with according to law.

"Given under my hand, this 4th day of July, A. D. 1896.          D. W. Houston, *Police Judge*."

The record shows that the warrant was served on Thomas Guynn and that he was apprehended and brought into court, and filed a motion, of which the following is a copy :

" Now comes Thomas Guynn, while in .custody of the officer, and, before plea entered, moves the court to quash the complaint and set aside the warrant for the reason : That said complaint is not sworn to as required by law ; that no criminal charge is stated in said complaint and warrant, as required by law.
                    MANFORD SCHOONOVER,
                          *Attorney for Defendant*."

The defendant refused to plead and the court entered a plea of not guilty. The defendant was found guilty and sentenced to pay a fine of fifty dollars, and be committed to the city jail for a period of sixty days and until the fine and costs are paid. Guynn gave bond and appealed the case to the district court of Anderson county, and before the impaneling of the

City of Garnett v. Guynn.

jury in that court he orally renewed his motion filed in the police court, to quash the complaint and set aside the warrant, which motion was by the court overruled.

A jury was impaneled, and the defendant objected to the introduction of any evidence under the complaint, which objection was overruled. The defendant was found guilty, and motions to arrest judgment and for a new trial were overruled. The defendant was sentenced to be confined in the jail of Anderson county for a period of sixty days, and to pay a fine of fifty dollars and the costs of the action, and to be further confined in said county jail to work out the fine and costs upon the streets of the city of Garnett, in accordance with the provisions of the ordinances of said city, until the fine and costs should be fully paid and satisfied.

Counsel for Guynn set out five specifications of error, but all that have any merit may be determined by a review of the action of the trial court in overruling the motion to quash the complaint and set aside the warrant.

The city attorney swears that he has probable cause and good reason to believe that Thomas Guynn did certain things. The complaint does not charge that Guynn had committed an offense, but that the city attorney had probable cause and good reason to believe that he had committed an offense. The complaint should charge that an offense had been committed by the defendant.

The complaint in this case was not sworn to positively, and is therefore defective. See *The State v. Gleason*, 32 Kan. 245. The defendant objected to the verification of the complaint at the first opportunity offered ·him in the police court and in the district

27—7 KAN. APP.

court.   He refused to plead, and did not voluntarily submit his person to the jurisdiction of either the police or district court.

The court erred in overruling the motion to quash the complaint and set aside the warrant.   The judgment of the district court is reversed.

MILTON, J., concurring.

SCHOONOVER, J., having been of counsel, not sitting.