THE STATE OF KANSAS, *Appellee*, V. J. E. MILLER,
*Appellant*.

No. 17,740.

SYLLABUS BY THE COURT.

1. COMPLAINT — *Warrant—Arrest—Recognizance—Waiver.* By
giving a recognizance for his appearance at court without
objection to the sufficiency of the warrant, the defendant
waives the defect in the verification of the complaint, and the
irregularity in issuing the warrant upon a complaint verified
only upon information and belief.

2. ———— *Unsanitary Condition of Jail.* The effect of such
waiver is not overcome by a statement in the motion to quash
the warrant to the effect that he gave the bond to avoid being
confined in a jail which the judge of the district court and the
county health officer had condemned as unsanitary and unfit
for the confinement of prisoners, and that the judge of the
district court was absent from the county at the time of the
arrest and defendant had no opportunity to have a motion to
quash the warrant passed upon.

3. INFORMATION—*Evidence—Variance.* The information charged
defendant with selling adulterated milk to one H. G. Staples.
The evidence showed that Staples purchased the milk for a
partnership composed of H. G. Staples and another person.
*Held,* no variance.

4. VERDICT—*Received in Absence of Defendant—No Error.* The
offense for which defendant was convicted being a misde-
meanor, there was no error in receiving the verdict during his
absence from the court room.

Appeal from Seward district court. Opinion filed
June 8, 1912. Affirmed.

*F. S. Macy,* and *C. V. Manatt,* for the appellant.

*John S. Dawson,* attorney-general, *Preston Coleman,*
assistant attorney-general, and *Clyde R. Commons,*
county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant was convicted on four
counts of selling adulterated milk. The first error
alleged in his appeal is the overruling of his motion

to quash the warrant and recognizance because the complaint was verified only upon information and belief. The complaint was sufficient for all purposes except the issuance of a warrant; and this defect was waived by the giving of a recognizance without objection. The defendant was discharged from custody and the warrant upon which he had been arrested became from that time of no force or effect.

In *The State v. Longton*, 35 Kan. 375, 11 Pac. 163, it was said:

"We think when the defendant entered into a recognizance for his appearance at court, without making any objection to the sufficiency of the warrant, or the sufficiency of the information, or the sufficiency of the verification thereof, he waived the supposed defects in the verification of the information and the irregularity in issuing the warrant without a sufficient verification." (p. 377.)

In his motion to quash, the defendant alleged certain facts which, it is claimed, take his case out of the rule declared in the foregoing decisions. These are, that he was compelled to give bond or be incarcerated in a jail which had been condemned by the judge of the district court and the health officer of Seward county as unsanitary and unfit for the confinement of any person and as dangerous to the health of any person confined therein; that by reason of the absence of the judge of the district court from the county at the time of the arrest the defendant had no opportunity to present a motion to quash the complaint. He concedes that if he had been given a preliminary examination, or if he had been a fugitive from justice, the complaint, verified as it was, would have been sufficient. Under the facts stated he contends that his rights as guaranteed by article 4 of the amendments to the constitution of the United States and by section 15 of the bill of rights of the constitution of Kansas have been violated. The guarantee relied upon is that "no warrant shall

issue but on probable cause, supported by oath or affirmation." No reason is suggested why the defendant might not have refused to give the recognizance and have brought proceedings in habeas corpus before the probate judge and thus have procured his discharge. Under the well-established rule as stated in the former decisions of this court, he waived all defects in the complaint by procuring his discharge upon the bond. After the court overruled the motion to quash, the state filed an amended information which was verified positively. To the amended information the defendant entered a plea of not guilty and thereby waived all defects in the original complaint. (*The State v. Moseli*, 49 Kan. 142, 30 Pac. 189.)

It is claimed that the court should have directed a verdict of acquittal because of a failure of proof. The information charged that the defendant made the sales to one H. G. Staples. The evidence showed that the milk was adulterated, that the defendant sold and delivered it in person, and that the purchaser in each instance was H. G. Staples; but on cross-examination it was shown that the milk was purchased for use at a restaurant owned by the firm of Staples and Qualls, composed of H. G. Staples and one Qualls. Time was, in criminal jurisprudence, when this would have been held a fatal variance; but in these days few, if any, courts would put such a technical construction upon the language used in a criminal pleading. The defendant cites a number of cases, including *State v. Burgess*, 74 N. C. 272, holding that evidence that property stolen belonged jointly to two persons where it was described in the indictment as the property of one constitutes a fatal variance. By analogy it is argued that the same rule should apply here. A provision of our criminal code forbids such a construction as that declared in the North Carolina case. Section 124 provides that an information for an offense committed

upon or in relation to personal property "belonging to several partners or owners, . . . shall be deemed sufficient if it allege such property to belong to any one or more of such partners or owners, without naming all of them." The same reasoning would make the information in the present case sufficient without naming all the persons interested in the sale of the prohibited merchandise. In no possible way could the defendant's rights have been prejudiced because it appeared that Staples purchased for the partnership. Staples as a partner acquired an interest in the milk. The statute makes the sale a misdemeanor. The defendant was fully apprised of the particular sales for which he was held, and the so-called variance in the proof can not be regarded as of importance. Before the case was closed the state amended by charging that the sales were made to the partnership. The amendment was not of a matter so material as to change the offense charged.

The offense of which the defendant was convicted is a misdemeanor, and there was no error in receiving the verdict during his absence from the court room.

We find no error in the record and the judgment is affirmed.