No. 19,454.

THE STATE OF KANSAS, *Appellee,* v. W. D. EDWARDS, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Giving of Recognizance—Waives Defects in Information.* In voluntarily giving a recognizance to the effect that he will appear and answer the charges made against him at a future fixed time the defendant waived the defect that the information was verified upon information and belief, although he filed a written protest against the sufficiency of the verification before the giving of the recognizance.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed December 12, 1914. Affirmed.

*Alpheus Lane,* and *M. A. Lane,* both of Paola, for the appellant.

*John S. Dawson,* attorney-general, and *B. J. Carver,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant, W. D. Edwards, was convicted of the violation of the act regulating the shipment of intoxicating liquors, and which, among other things, provides that those receiving such liquors

shall make and deliver to the carrier a statement that the same is for their own use, and further, that the making of a false statement shall constitute a misdemeanor.    (Laws 1913, ch. 248.)    The information was sworn to on information and belief, and on the day of defendant's arrest he presented a written protest against being held on a warrant based on an information so verified, but he immediately gave recognizance and thereby secured his release from custody.    Subsequently he challenged the sufficiency of the verification by a motion to quash, but before it was heard the court allowed the prosecution to amend the verification.

The defendant makes a formal challenge of the validity of the act under which he was convicted, but admits that the point has been determined adversely to his contention.    (*The State v. Brewery Co.,* 92 Kan. 212, 139 Pac. 1169.)    No reason is given nor is any seen for departing from that ruling.

He also insists that the judgment of conviction should be reversed because the verification of the information was imperfect at the time of his arrest.    There is nothing substantial in this claim of error.    While he protested and claimed that the verification was insufficient shortly after his arrest, he did not stand upon that ground, but immediately entered into a recognizance to appear at a future time for trial, and this voluntary action on his part, in effect, waived the defect against which he had protested.    (*The State v. Blackman,* 32 Kan. 615, 5 Pac. 173; *The State v. Bjorkland,* 34 Kan. 377, 8 Pac. 391; *The State v. Longton,* 35 Kan. 375, 11 Pac. 163; *The State v. Moseli,* 49 Kan. 142, 30 Pac. 189; *The State v. Miller,* 87 Kan. 454, 124 Pac. 361.)

When the recognizance was given and defendant had bound himself to appear and answer the charge the sufficiency of the verification and the legality of the warrant became immaterial.    If he had relied on the defect in the verification instead of giving a recognizance he could have insisted on a release from custody by a motion to quash the warrant or by a proceeding

in habeas corpus. (*The State v. Miller*, supra.) However, such action, if taken, would have served little purpose, as he could have been immediately rearrested on a charge positively verified. The information stated a public offense and was sufficient for every purpose except the issuance of a warrant, but the voluntary giving of a recognizance waived all objections to the warrant and arrest.

There is a further contention that the testimony is insufficient to uphold the verdict. It appears that the defendant received a shipment of intoxicating liquors and delivered to the carrier his statement that it was for his own use, but the testimony in the case is sufficient to show that it was obtained for and taken to a club room, where it was distributed among and drunk by a number of persons assembled there. A detailed review of the testimony is not necessary, but it is manifest that the intoxicating liquor was not procured for defendant's own use and that the testimony is sufficient to sustain the conviction.

The judgment of the district court is affirmed.