No. 21,484.

THE STATE OF KANSAS, *Appellee*, v. ROSCOE GRIGGS, *Appellant*.

SYLLABUS BY THE COURT.

COMPLAINT—*Not Duly Verified—Defendant Released on Bond—Waiver.* On the ground that the complaint upon which the warrant was issued was sworn to only on information and belief, the defendant filed before the justice a motion to quash, and five minutes later gave bond for his appearance in the district court, and was released from custody. When the case was called for trial he stood upon his motion to quash, which was overruled. *Held,* that by voluntarily giving bond for his appearance he waived the defect in the complaint. (*The State v. Edwards,* 93 Kan. 598, 144 Pac. 1009.)

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed July 6, 1918. Affirmed.

*F. S. Macy,* and *E. W. Davis,* both of Liberal, for the appellant; *R. W. Griggs,* of Meade, of counsel.

*S. M. Brewster,* attorney-general, *John L. Hunt, T. F. Railsback,* assistants attorney-general, and *G. L. Light,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant was convicted of violating the prohibitory liquor law. On his preliminary examination before a justice he filed a motion to quash on the ground that the complaint was not properly verified. Five minutes later he gave bond for his appearance in the district court, and was released from custody. When the case was called for trial he presented the motion to quash on the ground that the complaint was verified by the county attorney on information and belief. The motion was overruled, and the case proceeded to trial.

His sole contention is that the motion to quash should have been sustained. The complaint was insufficient (*The State v. Gleason,* 32 Kan. 245, 4 Pac. 363), but the appellant waived the defect by giving bond for his appearance. The case differs but slightly from that of *The State v. Edwards,* 93 Kan. 598, 144 Pac. 1009, where, instead of filing a motion to quash, the

defendant presented a written protest against being held upon a warrant where the complaint was verified on information and belief. The protest was ignored, and he immediately gave bond and was released. It was held that the voluntary action on his part waived the defect against which he had protested. The protest in that case attacked the sufficiency of the complaint quite as fully as a motion to quash, and we see no substantial difference between that case and this. The appellant was in custody for five minutes after he had called the attention of the examining magistrate to the defect in the complaint. He could have stood upon his rights and obtained his release by habeas corpus, which, however, would not have served his purpose, bcause he could, and doubtless would, have been re-arrested upon a warrant based upon a sufficient complaint. (*The State v. Miller*, 87 Kan. 454, 124 Pac. 361.)

The judgment is affirmed.