State v. Carter.

No. 26,599.

THE STATE OF KANSAS, *Appellee,* v. SUSIE CARTER, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTINUANCE—*Absence of Attorney—Discretion of Court.* It is not necessarily an abuse of discretion for a trial court to refuse to grant a continuance in a criminal action on account of the absence of counsel for the defendant where the cause has been set for trial for a number of days, a fact which counsel either knew or should have known in ample time for him to have made some showing concerning the necessity of his absence on the day of trial, and the only application for continuance is an oral one made by the partner of the counsel for the defendant at the time the action is called for trial.

2. DRUGS—*Unlawful Possession and Sale of Morphine—Evidence.* The evidence was sufficient to sustain a conviction of the possession of morphine sulphate and of the sale of that drug.

3. CRIMINAL LAW—*Trial—Argument to Jury—Reference to Marked Bills Used in Unlawful Sale.* It was not error for counsel for the plaintiff to refer, in his argument to the jury, to marked one-dollar bills which had been used by the witnesses in the purchase of the morphine sulphate.

4. INDICTMENT AND INFORMATION—*Verification—Waiver of Defect by Giving Bond for Appearance.* Where a defendant gives bond for his appearance after his arrest under a warrant issued on an information which has been verified by the county attorney on information and belief, it is not error to deny the defendant's motion to quash the information where the only ground urged is the manner in which it was verified.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 12, 1927. Affirmed.

*Elisha Scott* and *R. M. Van Dyne,* both of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, and *Paul H. Heinz,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction on three counts of violating the law prohibiting any person from having or keeping in his possession any opium, or coca leaves, or any compound, salt derivative, or preparation thereof, and prohibiting the sale of any of those drugs.

The first count charged the possession of opium, coca leaves, and

Continuances, 13 C. J. p. 146 n. 15; 6 R. C. L. 550. Criminal Law, 16 C. J. p. 896 n. 85. Indictment and Information, 31 C. J. p. 872 n. 49; 31 L. R. A. n. s. 805; 14 R. C. L. 209. Poisons, 31 Cyc. p. 899 n. 27.

State v. Carter.

of compounds and salt derivatives and preparations thereof. The second, third, and fourth counts charged sales of those drugs. The jury returned a verdict of guilty on the first, third, and fourth counts, and the defendant was sentenced thereunder.

1. When the trial was commenced, the defendant orally asked for a continuance on the following grounds:

"Mr. Van Dyne: Your Honor, the first thing I desire to call your attention to is that I do not represent these parties. I have never been employed in the case and I am not their attorney. It is true I am in the office of the lawyer that was employed. Mr. Scott was employed in this case shortly after their arrest, and I have never been paid one cent. Mr. Scott has no notice of this case being set. He left here a week ago last Tuesday and has been in Oklahoma. He was in Oklahoma City first and then went from there to Tulsa and he is now in Wewoka and on his way to Wakita, and is engaged in the trial of a case. He has had no notice and it is absolutely impossible for him to be here; also, on the Fleming case the people are here. They have looked for him to represent them. I have had no dealings with the people and I know nothing of the facts in the case other than in a summary way. I have had no opportunity to get ready for trial. I don't think in this case I can really do justice for these defendants. Mr. Scott is familiar with the facts and is prepared and ready for trial as soon as he returns to Topeka. . . . Now, I desire to request a continuance for the reason, first, that counsel representing the defendant has had no notice of any kind that the case was set for trial, and had he known of the case being set for trial, he would have been here and been ready; that he is now engaged in the trial of a lawsuit in Wewoka, Oklahoma, as I understand it, wherein parties by the name of Jones are involved. Those are the grounds I am asking a continuance on."

There was no written application for a continuance.

Section 62-1414 of the Revised Statutes provides that "continuances may be granted to either party in criminal cases for like causes and under the like circumstances as in civil cases." A continuance on the grounds stated in the application of the defendant is a matter largely within the discretion of the trial court. In *Bliss v. Carlson,* 17 Kan. 325, the court said:

"The matter of continuance is largely within the discretion of the trial court, and its ruling thereon will be sustained unless it appears that such discretion has been abused." (See, also, *Nelson v. Hoskinson,* 106 Kan. 601, 604, 189 Pac. 165; *State v. Waldron,* 118 Kan. 641, 645, 236 Pac. 855; *Roseberry v. Scott,* 120 Kan. 576, 581, 244 Pac. 1063. Numerous other cases might be cited.)

It was the duty of the defendant to know when her case was set for trial. It was not incumbent on the county attorney, the clerk of the district court, nor the court, to notify the defendant of that time. The fact that counsel for the defendant was then engaged in other matters which prevented his presence at the trial did not compel

State v. Carter.

the court to grant a continuance. Under these circumstances, this court cannot say that the trial court abused its discretion in refusing to grant a continuance on the oral application of the defendant.

2. The sufficiency of the evidence to sustain a conviction is questioned. There was evidence which tended to prove that a witness for the state together with an associate gave to one Frank Carter marked money with which to buy morphine and that "two decks of morphine" were delivered to the witnesses by the defendant, and that the articles delivered were morphine sulphate. The witness testified that he could tell morphine sulphate by tasting it, that he tested the articles purchased and that they were morphine sulphate. It is argued that there was no chemical analysis of the articles sold and that the testimony of the witness was insufficient to prove that those articles were morphine sulphate. This is an old objection which has been often made in another field of criminal law and is one that never had any substantial foundation for its existence and has long since ceased to be regarded as of any force. The evidence was sufficient to establish that the articles sold were morphine sulphate.

3. The defendant says:

"The counsel for the state in this case prejudiced the jury by remarks with reference to offering marked one-dollar bills. The court undoubtedly erred by admitting said one-dollar bills in evidence as against this defendant, when the said one-dollar bills were found in the possession of a Mr. and Mrs. Fleming, of North Topeka, and Mr. and Mrs. Fleming were not charged in this information and were not witnesses in the case, but were strangers to this lawsuit. And there was not a syllable of evidence to connect the defendant in this case with Mr. and Mrs. Fleming."

Part of the statements made in this complaint are not supported by what is said in the abstract, but even if all of them were true, they are not sufficient to justify this court in reversing the judgment. The evidence showed that the morphine sulphate was purchased with marked money and that in response to that purchase the defendant delivered the morphine sulphate to the purchaser.

4. We quote from the defendant's brief:

"The court committed prejudicial error . . . by overruling defendant's motion to quash the information in said case, in that: The information was sworn to by the county attorney on information and belief and no bill of particulars was attached to said information as provided by law."

No motion to quash is set out in the abstract of the defendant,

neither is there any statement contained in it that one was made or filed. The plaintiff's abstract contains the following statement made by counsel for the defendant:

"I desire to make a motion, your honor, to quash the information as filed in the Carter case, for the reason that it fails to state a public offense; that it is improperly sworn to and that the warrant issued, based upon the complaint of that kind, is absolutely void and the arrest is illegal and unlawful."

The information was verified on information and belief. Upon her arrest, the defendant gave bond for her appearance. In *State v. Miller*, 87 Kan. 454, 124 Pac. 361, the court said:

"By giving a recognizance for his appearance at court without objection to the sufficiency of the warrant, the defendant waives the defect in the verification of the complaint, and the irregularity in issuing the warrant upon a complaint verified only upon information and belief." (See, also, *State v. Edwards*, 93 Kan. 598, 599, 144 Pac. 1009; *State v. Cole*, 93 Kan. 819, 821, 150 Pac. 233; *State v. Griggs*, 103 Kan. 344, 173 Pac. 908.)

The judgment is affirmed.