No. 28,578.

THE STATE OF KANSAS, *Appellee*, v. CLYDE ALTON, SR., *Appellant*.

(275 Pac. 166.)

Opinion filed March 9, 1929.

*C. H. Bissitt,* of Greensburg, for the appellant.

*William A. Smith,* attorney-general, and *Russell L. Hazzard,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of being a persistent violator of the prohibitory liquor law and appeals, arguing two alleged errors. First, that there was no complaint made, signed and sworn to, as required by law; and second, that the court erred in permitting the state to cross-examine its own witnesses.

The record shows that the defendant was arrested November 17, 1926, on a charge of selling intoxicating liquor and being a persistent violator. He was brought before a justice of the peace, waived preliminary hearing and gave bond for his appearance at the next term of the district court. In the district court he filed a motion to quash the information on the ground that there had been no complaint filed against him. He says that a form of complaint was found among the files but that it had never been signed or sworn to nor filed and made a part of the record. It appears that while the complaint was not signed by the complaining witness, that there were attached thereto two affidavits setting out the facts of the sale of the liquor in question. Upon the complaint a warrant was issued fully setting out the crime charged. Under authority of the warrant, the

defendant was arrested and brought before the justice of the peace. He was there informed of the nature of the charge against him, waived a preliminary hearing and gave bond for his appearance in the district court. When the case came on for trial in the district court he raised for the first time the question that no complaint was on file as required by the statute. The defendant's action in waiving his preliminary examination and giving bond for his appearance in the district court amounted to a waiver of any defects in the verification of the complaint. (See *State v. Carter*, 122 Kan. 524, 253 Pac. 551, and cases cited.)

There is no merit in the contention that the court erred in permitting the state to cross-examine its witnesses. Where the state is confronted by an unwilling witness, as in the instant case, it is always within the discretion of the trial court to permit cross-examination. We are unable to say that there was any abuse of discretion in the examination of which complaint is made.

The judgment is affirmed.