No. 31,412

The State of Kansas, *Appellee,* v. Philip Toelkes, *Appellant.*

(33 P. 2d 317.)

Opinion filed June 9, 1934.

*O. O. Osborn,* of Stockton, and *W. L. Sayers,* of Hill City, for the appellant.

*Roland Boynton,* attorney-general, and *D. A. Hindman,* county attorney, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Philip Toelkes was charged with and convicted of having in his possession intoxicating liquors on May 5, 1932. A second count alleged that he had been previously convicted in Rooks county of violating the prohibitory laws of the state, and that he permitted another to have, keep and maintain intoxicating liquor, for personal use and otherwise, upon his premises, describing them. On these two counts a preliminary examination was had on May 18, 1932. Later, when an information was filed containing the two counts mentioned, the county attorney included four additional misdemeanor counts, all of violation of the prohibitory liquor laws. He was convicted on the first count and acquitted on the other counts mentioned in the information. He appeals, and assigns as

error the permission to join counts 3, 4, 5 and 6, charging misdemeanors only.

A motion to quash the information and to strike from it counts 3, 4, 5 and 6 was overruled. A plea in abatement was filed as to each of these counts from 3 to 6, inclusive, and it was overruled. While the defendant was acquitted on these counts, the complaint is that he was prejudiced by having to defend his conduct from the possession of intoxicating liquors on May 5, 1932, and was also required to defend himself for a period of two years from that date, and that he was prejudiced because it enabled the prosecution to prove offenses that could not otherwise have been proved or brought into the case.

There was no motion made to require the plaintiff to elect and no election was made. Of course there was no preliminary examination on the last four counts charging misdemeanors, and besides there was an acquittal on these.

Was error committed in joining the four counts charging misdemeanors with the two earlier counts which ranked as felonies? All of the offenses charged were violations of the prohibitory liquor law. They were kindred in character, required the same mode of trial and the joinder did not necessarily result in any embarrassment to the defendant. The count on which the defendant was convicted charged the unlawful possession of the liquor, and it charged that he was guilty of persistent violation of that law, to which a penalty is fixed, but if the state failed to prove that he was a persistent violator, he would have been punished as for a misdemeanor.

Some offenses are so graded as to constitute both felonies and misdemeanors, and so we have a statute providing that upon the trial of an indictment for a felony, the defendant may be found guilty of a misdemeanor. In larceny cases, where the value of the property stolen makes the case a felony or a misdemeanor, one charged with a felony may be found guilty of a misdemeanor and punished therefor, and the same course is permissible in a number of other offenses. We have a statute providing that in the prosecution of a party charged with a felony, conviction for a misdemeanor is permissible. It provides that:

"Upon the trial of an indictment for a felony, the defendant may be found guilty of any other felony or misdemeanor necessarily included in that with which he is charged in the indictment or information." (R. S. 62-1023.)

In numerous instances persons charged with assault with intent to kill have been convicted of simple assault.

So far as the joinder of separate offenses in the same information is concerned, the test is, Are the charges of the same general nature and will the joinder deprive the defendant of an advantage in the trial, or are they incongruous and repugnant in character and will they operate to deprive the defendant of some legal advantage? We see no reason why felonies and misdemeanors may not be joined where they are kindred in nature, as well as different felonies of like nature prosecuted in separate counts. In *State v. Hodges*, 45 Kan. 389, 26 Pac. 676, it was held that:

"Several separate and distinct felonies may be charged in separate counts of one and the same information, where all the offenses charged are of the same general character, requiring the same mode of trial, the same kind of evidence and the same kind of punishment; and the defendant may be tried upon all the several counts at one and the same time; all resting in the sound judicial discretion of the trial court." (Syl. ¶ 2.)

A liberal rule has been applied to the determination of the "like nature" of offenses in *State v. Odle*, 121 Kan. 284, 246 Pac. 1003. There the court held that the defendant could be charged with rape and incest in the same information in separate counts. It was there held that while there were two distinct sexual offenses charged under two different sections of the statute, as they were offenses of illicit sexual intercourse, they might be charged together as being of the same general nature.

In early periods it was held that a felony could not be joined with a misdemeanor, but this rule does not apply where there can be a conviction of a misdemeanor upon an indictment for felony. In 31 C. J. 786 it is said:

"In some jurisdictions it has been held that a felony cannot be joined with a misdemeanor. In such jurisdictions the indictment is demurrable **or is bad** on a motion in arrest of judgment. Various reasons for the rule have been assigned, such as that a conviction for a misdemeanor cannot be had on an indictment for felony, that the judgments for the felony and the misdemeanor would necessarily be different, that the joinder might embarrass defendant in the selection of a jury, and that a person indicted for a misdemeanor is entitled to certain advantages and privileges not accorded to a person indicted for a felony. But in jurisdictions where the reasons for the rule no longer exist, as in jurisdictions where there can be a conviction of a misdemeanor upon an indictment for a felony, the rule has largely, if not entirely, disappeared, and there may be a joinder of a felony and a misdemeanor where they are cognate offenses, as where the charges relate to the same transaction,

but not where the offenses are repugnant in their nature and the trial and judgment so incongruous as to tend to deprive defendant of some legal advantage."

We think that felonies and misdemeanors of the same general nature may be prosecuted together and that there was no abuse of discretion of the court in permitting it; further, that the defendant was acquitted on the misdemeanor counts, and in any view no prejudice was suffered by the defendant, and there is no ground for reversal.

There is a complaint that the information was insufficient inasmuch as it was verified upon information and belief. It has been determined that this verification is sufficient for every purpose except for that of the issuance of a warrant to bring the defendant into court. Defendant was already in court and had waived this objection. (*State v. Blackman*, 32 Kan. 615, 5 Pac. 173; *State v. Moseli*, 49 Kan. 142, 30 Pac. 189; *State v. Miller*, 87 Kan. 454, 124 Pac. 361, and cases there cited.)

The instructions of the court were challenged by the defendant. In one of them the court, in stating the things that must be proven, stated that the jury must find that the defendant had unlawfully in his possession intoxicating liquors on May 5, 1932, or within two years next before that date. The prosecution was in fact commenced on May 18, charging the unlawful act on May 5, 1932, and should have run for two years prior to May 18. This is conceded to be an error, but it is contended that it was not a matter of prejudice. All of the testimony related to acts done on May 5, 1932, the day on which the raid was made by the U. S. agent, Maiden, with local officers, when they made a raid and found intoxicating liquor in various places at the Toelkes farm. No testimony was offered of any violation before that time and no proof that defendant had possession of liquor two years next before May 18, 1932, or at any time except on May 5. The mistake of the court in lengthening the period of limitation thirteen days by saying that they could consider the possession alleged to be two years prior to May 5, when there was not a word of testimony that the violation extended back of May 5, 1932, while it was an error, it was clearly harmless error, and only prejudicial error is sufficient to require a reversal of a judgment. We have a statute which provides that:

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights

of the parties." (R. S. 62-1718. See, also, *State v. Wilgus,* 32 Kan. 126, 4 Pac. 218.)

It is assigned as error that the court did not instruct that the unlawful possession must be held in Rooks county. In the opening statement of the charge the court did instruct that "count one of the information filed in this case charges that on the 5th day of May, 1932, in Rooks county, Kansas, the defendant having been previously convicted of violating the prohibitory liquor laws of the state of Kansas, did then and there unlawfully, feloniously, and willfully, have and keep in his possession intoxicating liquor."

Thus the jury were told that defendant was charged with the unlawful possession of intoxicating liquor in Rooks county, Kansas, on May 5, 1932. This was not mentioned by the court in speaking of other essential things which the jury must find in order to convict, but it was shown that the location of Toelkes' home and premises was in the northwest quarter of section 22, township 9, range 18, Rooks county, Kansas, and was referred to by the court in other counts of the information. This description fixed the location of the offense near the center of the county, and the evidence showed it was at and near the home of Toelkes, where the possession of the intoxicating liquor was held. It was impossible for the jury to be misled as to where the possession was held and that it was in Rooks county.

There are claims of error in instructions given relating to circumstantial evidence and its effect, and, also, as to the possession of visible chattels on premises owned and occupied by the defendant. These assignments have been considered, and are deemed to be without merit.

Other matters in the instructions are the subject of criticism and complaint, which are not sustained.

The judgment is affirmed.