No. 35,941

THE CITY OF WICHITA, *Appellee*, v. ALBERT J. HIBBS, *Appellant*.

(146 P. 2d 397)

Opinion filed March 4, 1944.

*Kenneth K. Cox*, of Wichita, argued the cause for the appellant.

*O. W. Helsel*, of Wichita, argued the cause, *Vincent F. Hiebsch* and *K. W. Pringle*, both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Albert J. Hibbs was convicted in police court of violating ordinances of the city of Wichita prohibiting the driving of a motor vehicle on the public streets of that city while under the influence of intoxicating liquor and the destruction of city property. He appealed to the district court of Sedgwick county, where he was again tried and found guilty. The appeal is from the judgment of conviction and sentence imposed by the district court.

The record discloses the following facts: Shortly after midnight on August 2, 1942, two policemen of the city of Wichita found a

Terreplane automobile which had been driven over the street curb at the southeast corner of the intersection of Kellogg and Estelle streets in that city and had torn down a street sign at such corner. When the officers reached the motor vehicle no one was in it but lying on the ground a short distance therefrom was a boy about 10 years of age who was bleeding profusely and who apparently had been an occupant at the time of the wreck. The officers immediately began a search for the driver of the automobile and some four blocks from the scene of the accident one of them found the appellant who was concealing himself behind a building and some shrubbery. When apprehended he appeared to be intoxicated. Later he was taken to the police station and remained in custody until about 10:30 a. m. He was then handed an accident report form and asked to fill it out but requested the officer presenting it to him to make it out from information supplied by him, saying he would sign it when completed. This procedure was followed and the report, which disclosed appellant was the driver of the automobile at the time of the accident, was then signed by him. In the meantime the arresting officer made an oral complaint against Hibbs and he was charged on the police court docket with driving a motor vehicle on the streets while under the influence of liquor and with destroying and damaging city property. His trial was set for September 3, 1942, and he thereupon posted bond for appearance and was released. Subsequent to his conviction in police court he executed and filed his appeal bond in the sum of $200.

In the district court, prior to the opening statement of appellant, immediately subsequent thereto, and at divers other times during the trial, appellant objected to trial and formally moved for his discharge on the ground there had been no complaint in writing or verified complaint of any character made against him and no warrant issued for his arrest. The first error of which appellant complains is the overruling of all such objections and motions. This complaint entirely overlooks the fact that, without objecting to the sufficiency of the oral complaint made against him or demanding the filing of a written one and without challenging the right of appellee to cause his arrest without the issuance of a warrant, appellant entered into a recognizance for his appearance at the trial in police court and still later executed and filed his bond appealing from the judgment there rendered against him. The contention there was no verified charge of any character made against appellant is not

substantiated by the record which discloses the making of an oral complaint on oath as authorized by G. S. 1935, 13-605. When arraigned in police court, in fact at no time during either trial did appellant demand that a written complaint under oath be filed against him, a right to which he was entitled under G. S. 1935, 13-623. The failure to make such demand waived any right he might have had to require the filing of such written complaint. Moreover, any defect in the verification of the oral complaint as made was waived by appellant when he, without objection, gave bond for his appearance in court. (See *State v. Dye,* 148 Kan. 421, 429, 83 P. 2d 113; *State v. Toelkes,* 139 Kan. 682, 685, 33 P. 2d 317; *State, ex rel., v. Strevey,* 138 Kan. 646, 648, 27 P. 2d 253; *State v. Carter,* 122 Kan. 524, 253 Pac. 551; *State v. Edwards,* 93 Kan. 598, 144 Pac. 1009, and *State v. Miller,* 87 Kan. 454, 124 Pac. 361.) Waived also by that action, as well as the subsequent execution of the appeal bond, was any right to object to the process, warrant and arrest which brought him before the court for trial. (*State v. Munson,* 111 Kan. 318, 206 Pac. 749; *State v. Cole,* 93 Kan. 819, 821, 150 Pac. 233; *State v. White,* 76 Kan. 654, 657, 92 Pac. 829; *State v. Lewis,* 63 Kan. 265, 266, 65 Pac. 258; *State v. Moseli,* 49 Kan. 142, 145, 30 Pac. 189, and *State v. Bjorkland,* 34 Kan. 377, 8 Pac. 391.)

It is urged the trial court erred in admitting the accident report which was signed by appellant the morning after the accident, the objection being that since the law requires the making of a report by one involved in an accident of the kind here involved, such report cannot be used in a subsequent criminal proceeding for the reason that it in effect compels the accused to testify against himself in violation of both the state and federal constitutions. We doubt the soundness of appellant's position but there is no occasion to determine the question urged by him. The record does not disclose the admission of the report tended to prove or disprove the charge defendant was driving while intoxicated or had destroyed property. In fact the only statement to be found therein which was in anyway material to such issues was one disclosing who was the driver of the car on the night the accident occurred. Appellant himself made no denial of the fact he was the driver and so testified as a witness in his own behalf. Even if the statement had been inadmissible for the reasons urged by appellant's counsel its introduction under such conditions merely resulted in the production of cumulative evidence, and certainly did not prejudice the accused.

Under our statute (G. S. 1935, 62-1718) the admission of evidence, even when incompetent, is harmless error unless substantial rights are affected. Moreover, the testimony disclosed the report was based on a statement made by the appellant to the police officers and was freely and voluntarily signed by him. A statement of such character tending to prove a person is guilty of an offense with which he has been charged is properly admissible as an admission against interest. Appellee could have proved it by the officers to whom it was made. In the absence of any objection the report, which merely reflected the admission as made to such officers, was not the best evidence, appellant cannot now be heard to complain it was reversible error to receive it in evidence in proof of the fact he was the driver of the automobile on the night of the accident.

The appellant testified as a witness in his own behalf and during the course of his direct examination denied he had used intoxicating liquors on the date of the accident or that he ever touched alcohol or whiskey in any form. On cross-examination he was interrogated by appellee as to his use of intoxicants and whether he had previously been arrested for being drunk or driving while intoxicated. During his examination he admitted he had been arrested on one occasion for drunken driving. Appellant's counsel objected to questions pertaining to former arrests and insisted that appellee's interrogations be restricted to whether the defendant had ever been convicted of criminal offenses. After some colloquy between court and counsel the trial court sustained the motion of the appellant that all evidence relative to former arrests be stricken and instructed the jury to disregard all evidence theretofore admitted pertaining to such former arrests. Notwithstanding the evidence was stricken, appellant insists the conduct of counsel for appellee in interrogating the accused on such matters and the action of the court in permitting counsel to do so was so prejudicial to the rights of the appellant as to constitute reversible error. The objection is too trivial to require much comment. This court has long been committed to the rule that where done in good faith and for the purpose of impairing his credibility, a defendant may be cross-examined concerning previous offenses and subjects involving him in degradation and disgrace even though they do not pertain to the charge for which he is then on trial. Also, that the extent of cross-examination touching the credibility of a defendant in a criminal action rests within the sound discretion of the trial court. (See *State v. Story*, 144 Kan.

262, 58 P. 2d 1090; *State v. Pfeifer,* 143 Kan. 536, 56 P. 2d 442; *State v. Bigler,* 138 Kan. 13, 19, 23 P. 2d 598, and *State v. Reuter,* 126 Kan. 565, 268 Pac. 845.) Even if the testimony about which appellant complains had been improper and even though the trial court had abused its discretion in determining the extent of the cross-examination, which it did not do, appellant still could not be heard to complain because the prompt striking of improper evidence accompanied with an instruction by the court to disregard it cures the error of its admission where it does not affirmatively appear the temporary reception of such evidence resulted in prejudice to the substantial rights of the defendant. (See *State v. Bisagno,* 121 Kan. 186, 246 Pac. 1001, and *State v. Williams,* 126 Kan. 375, 267 Pac. 1095.)

Appellant complains of the conduct of the city attorney in making his closing argument and of the fact certain photographs and other papers, not used by the appellee, were permitted to remain on the counsel table during the trial and argument, all of which he urges was prejudicial and influenced the jury in returning a verdict against him. It does not appear any objection was made to the remarks or action of the city attorney while addressing the jury. Nor is it claimed any objection was made during any stage of the trial to the photographs and other papers in his file or on the counsel table. If counsel thought the matters now complained of were prejudicial to the rights of the accused it was incumbent on him to call them to the trial court's attention during the trial so that it might rule upon his objection. He had no right to sit idly by, ignore matters claimed by him to be trial error, take his chances of an acquittal, and then when convicted, for the first time on motion for a new trial present his objections and insist they were sufficient to require the granting of a new trial. When counsel see fit to follow that course and present their objections for the first time on the hearing of a post-trial motion, this court on appeal will not disturb the ruling of the trial court in refusing to grant a new trial.

Complaint is made of the failure of the trial court to permit the jury to view the automobile driven by appellant at the time of the accident. A motion for such permission was filed during the trial and the court, on appellant's assurance transportation would be furnished for the jury to go to the appellant's home where the vehicle was then stored or that it would be brought to the courthouse, agreed to an inspection thereof. At the close of appellant's evidence

he had failed to furnish transportation or produce the automobile as agreed and he rested his case without the jury having had an opportunity to make the inspection requested. Thereupon the trial court inquired if the vehicle was available for inspection, and being advised by counsel it was not proceeded to instruct the jury and submitted the case for its determination. The situation is not one where the trial court refused to permit an inspection, but where the appellant failed to comply with his agreement to produce the automobile or take the jury to where it was located. To that extent appellant's position is much weaker than if the court had refused any inspection whatsoever. Irrespective of that situation it was not error for the trial court to submit the case without the inspection requested. The question of whether it was advisable to allow the jury to view the automobile was a matter for the determination of the trial court in its discretion. (See G. S. 1935, 60-2910, and *State v. Henson,* 105 Kan. 581, 185 Pac. 1059.)

Another complaint is that the jury was guilty of misconduct. Appellant sought to offer evidence tending to impeach the verdict. This court has held many times that a juror will not be permitted to impeach his own verdict. (See *State v. Buseman,* 124 Kan. 496, 260 Pac. 641; *State v. Cole,* 136 Kan. 381, 384, 15 P. 2d 452, and *State v. Lammon,* 153 Kan. 822, 113 P. 2d 1052. The question of misconduct on the part of the jury in the first instance is for the trial court. In the instant case the trial judge specifically stated that in his opinion the jury had reached a just conclusion and he could see no reason to disturb the verdict. In the face of such a finding we fail to find anything in the record which would justify this court in setting aside the order refusing to grant a new trial.

Other alleged errors are complained of but we find nothing in them of sufficient importance to require discussion. In our examination of them and the matters herein specifically referred to, alleged by the appellant to be erroneous, we find no error affecting his substantial rights. The judgment of the district court is affirmed.