No. 41,115

STATE OF KANSAS, *Appellee*, v. VERN HENRY BARRY, *Appellant*.

(332 P. 2d 549)

Opinion filed
December 6, 1958.

*Norbert R. Dreiling,* of Hays, argued the cause and was on the briefs for the appellant.

*Simon Roth, Jr.,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Vern Henry Barry was convicted in the county court of Ellis County of the criminal offense, a misdemeanor, of operating a motor vehicle while under the influence of intoxicating liquor, contrary to the provisions of G. S. 1949, 8-530. He appealed to the district court of Ellis County where he was tried by a jury and again found guilty. The appeal is from the judgment of conviction and sentence imposed by the district court following the verdict.

The general facts, regarded as essential to a proper understanding of the case, will be related in accord with our view of their import as briefly as the state of the record permits. Others important to a determination of the particular issues involved, will be referred to in disposing of such issues and stated in like manner.

A complaint charging appellant with the commission of the involved offense was filed in the county court of Ellis County on May 7, 1957, and a warrant directing his arrest was issued on May 8. On the same day he appeared in such court and executed a bond for continuance and/or appearance providing for his appearance in court at the time and place appointed for trial, then and there to answer the complaint. Trial, at which all parties were present and represented by counsel, was had in the county court on June 10 resulting in his conviction and sentence. Appellant then gave notice of appeal and executed an appeal bond for his appearance in district court, which was approved by the judge of the county court and resulted in a stay of his sentence. Thereafter such judge made return of the proceedings had before him to the district court.

The case came on for trial in district court on February 5, 1958, all parties being present in court and represented by counsel. After a jury had been impaneled and sworn appellant filed what he termed a motion to quash and plea in abatement wherein he attacked certain instruments filed in that court by the judge of the county court and asked that such instruments be ordered stricken, that the action be abated and dismissed, and that he be discharged.

This motion was overruled. Thereupon the trial proceeded and, after introduction of evidence by the parties and the giving of instructions by the court, the cause was submitted to the jury which returned a verdict finding appellant guilty of the crime charged in the complaint. Subsequently, and after overruling his motion for a new trial, the court rendered judgment and imposed sentence in accord with the verdict, whereupon he perfected this appeal.

Pointing out that county courts are courts of record (G. S. 1957 Supp., 20-802) and that our constitution (Art. 3, § 1) provides that all such courts shall have a seal to be used in the authentication of process, the appellant contends, that in view of the fact, as must be conceded, the county court failed to affix its seal to the complaint, warrant and transcript of proceedings filed in the district court, his motion to quash and plea in abatement should have been sustained because under such circumstances the district court had no power or authority to hear and determine the appeal which he had perfected from his conviction and sentence in the county court. As applied to all contentions advanced on this point with respect to the claimed defects in the complaint and warrant the answer is to be found in our decisions. Whatever it may be elsewhere the established rule in this jurisdiction is that defects of the character here involved, however serious, in both complaints and warrants, are waived by a defendant when, without having objected thereto, he gives a bond for appearance in the county court and/or furnishes a bond for appeal to the district court. For some of our decisions supporting this conclusion see *State v. White,* 76 Kan. 654, 657, 92 Pac. 829; *State v. Miller,* 87 Kan. 454, 124 Pac. 361; *State v. Edwards,* 93 Kan. 598, 144 Pac. 1009; *State v. Cole,* 93 Kan. 819, 821, 150 Pac. 233; *State v. Carter,* 122 Kan. 524, 253 Pac. 551; *State, ex rel., v. Strevey,* 138 Kan. 646, 648, 27 P. 2d 253; *State v. Toelkes,* 139 Kan. 682, 685, 33 P. 2d 317; *State v. Grady,* 147 Kan. 268, 76 P. 2d 799; *State v. Dye,* 148 Kan. 421, 429, 83 P. 2d 113; *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397; *Hill v. Day,* 168 Kan. 604, 215 P. 2d 219. Answers to appellant's contentions relating to the failure of the county court to affix its seal to the transcript filed in the district court are short and simple. In the first place, we do not regard the return of the proceedings had before the county court to the district court as process and within the meaning of that term as used in Art. 3, § 1 of our constitution. In the next, all that the provisions of G. S. 1949, 63-401, applicable by reason of G. S. 1949, 20-808, require is that a judge of the county court certify his return

of the proceedings had before him to the district court and the record discloses that was done. In fact in ruling on the motion to quash the court expressly so found.

Another of appellant's contentions, to the effect the trial court erred in overruling his motion to quash when the warrant showed no return by the sheriff, lacks merit and cannot be upheld when reviewed in the light of the decisions to which we have heretofore referred.

Several grounds of appellant's motion to quash and plea in abatement, although differently stated, were based upon the premise the county judge, from whose judgment the appeal was taken, had failed to make a return of the proceedings had before him as required by the provisions of G. S. 1949, 63-401. In overruling these grounds of the motion the trial court, which had all of the files before it and was in far better position than this court to pass upon what they disclosed, had this to say:

"Now, as to whether or not the County Court certified the original complaint, warrant and other original papers from the County Court as shown by the certification in the file, there are two things I wish to point out that the file shows. Until this morning, every paper in the file was stamped filed in the District Court on June 14, 1957, and these papers are all enclosed in the flat file by means of two perforations at the top of each paper in which the staple of the file is inserted and the papers are held in place. These papers are as follows from top to bottom: The first is a double sheet folded in the middle and headed 'Transcript—Criminal Action' and contains on the face thereof the certification signed by the county judge, dated June 11, 1957, and this certification is quoted as follows: 'I, the undersigned, Judge of the County Court of Ellis County, Kansas, hereby certify that the within is a full, true and complete transcript of the proceedings in the above action, had by and before the Court at its office in said County, as the same appears of record on my Docket 8, page 282. Witness my hand and seal of said Court, at Hays, in said County, this 11th day of June, 1957. Robert F. Glassman, Judge of the County Court.' Now, following the first paper, folded paper, on the face of the transcript, and the certificate, are clasped in the file as above stated the following papers, which apparently are original papers from the County Court, all stamped in the District Court filed June 14, 1957, namely: Complaint, General Form, in the County Court of Ellis County, Kansas, et cetera, signed Wendell Wyatt, and sworn to before the probate judge; the next paper is headed 'Warrant' and signed by the Probate Judge; the next paper is entitled 'Journal Entry', signed by the probate judge, submitted by and signed by Simon Roth, County Attorney, and approved and signed by Norbert Dreiling, attorney for the defendant; the next paper is entitled 'Notice of Appeal,' signed by the defendant, and the acknowledgment of service is signed by the County Attorney; the next paper is entitled 'Recognizance for Continuance,' signed by the defendant and Ben F. Dreiling, approved and signed by the Probate Judge;

the next paper is entitled 'Recognizance of appeal' signed by Ben F. Dreiling and also signed by the defendant, approved and signed by the Probate Judge. These papers are all stamped filed in the District Court on June 14, 1957, and apparently are included in the certification by the county judge within those terms set out in the certification. . . . The court also finds that no showing whatever has been made that any of these papers which purport to be originals are not originals. The court considers them to be just what they purport to be, namely, papers properly certified and transferred by the County Court to the District Court, and filed all at one time in connection with that certification in the District Court."

Verbatim quotation of the foregoing statement has been necessary because of disagreement between the parties as to the condition of, and what was included in, the transcript as and when certified to the district court. Without further comment it can be said we have examined the record and are impelled to agree with, and for that reason adopt, the conclusions reached by the trial court respecting such matters.

It would add nothing to our reports, and it is neither necessary nor required, that we here detail or labor contentions advanced by the appellant regarding the sufficiency of the transcript. .

Noting that we have previously determined failure to affix the county court's seal to the transcript did not make that instrument invalid or deprive the district court of power and authority to hear and determine the appeal from that tribunal, it can now be stated we are convinced that all decisive questions raised by appellant in contentions respecting the sufficiency of such transcript have been determined by this court in *State v. Belisle*, 164 Kan. 171, 188 P. 2d 642, where, under conditions and circumstances so similar as to make the decision in that case a controlling precedent, it is held:

"When a defendant appeals to the district court pursuant to G. 'S. 1945 Supp., 63-401, from a conviction in a lower court, it is not essential that a separate certificate of the court be placed on the complaint and each of the instruments designated in the statute.

"The general certificate in the present case was sufficient for the purpose of showing that the defendant was being tried in the district court upon the original complaint filed against him in the lower court." (Syl. ¶¶ 1 and 2.)

Final claims of error regarded as of sufficient importance to warrant consideration and attention will now be noted.

During the course of the trial it developed that appellant had neither been offered, given nor refused any of the chemical tests authorized by the provisions of G. S. 1957 Supp., 8-1001, which, so far as here pertinent, read:

"Any person who operates a motor vehicle upon a public highway in this state shall be deemed to have given his consent to submit to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic content of his blood whenever he shall be arrested or otherwise taken into custody for any offense involving operating a motor vehicle under the influence of intoxicating liquor in violation of a state statute or a city ordinance and the arresting officer has reasonable grounds to believe that prior to his arrest the person was driving under the influence of intoxicating liquor. The test shall be administered at the direction of the arresting officer. . . ."

At the close of the trial appellant requested and was refused an instruction the general import of which, according to arguments here advanced, was intended to advise the jury that under the provisions of Chapters 61 and 279, Laws of 1955, relating to the same subject, now G. S. 1957 Supp., 8-1001 to 8-1007, incl., a defendant charged with driving a motor vehicle within the state while under the influence of intoxicating liquor, as prohibited by G. S. 1949, 8-530, could not be convicted of that offense unless the evidence of the state disclosed that he had been offered, given or refused all of the chemical tests heretofore set forth in 8-1001. In any event it is here contended the provisions of the section of the statute above quoted must be construed as mandatory and require the arresting officer, in all cases where an arrest is made for driving while under the influence of intoxicating liquor, to see that the accused is offered and given chemical tests of the types described therein, unless he refused to submit thereto. Then, based upon this construction of 8-1001 to 8-1007, incl., appellant argues that, since the state's evidence disclosed he had not been offered, given or refused such tests, the trial court, on that account, not only erred in refusing to give his requested instruction but also erred in denying his motion to dismiss the action and discharge him from custody.

One of the purposes of the legislature in enacting Chapters 61 and 279, Laws of 1955 (now G. S. 1957 Supp., 8-1001 to 8-1007, incl.) was to augment existing methods of establishing intoxication in criminal prosecutions for driving motor vehicles while under the influence of intoxicating liquors. Support of this conclusion is to be found in 8-1007 providing Ch. 279, L. 1955 shall be construed as supplemental to existing legislation. As recently as *City of Garden City v. Miller*, 181 Kan. 360, 311 P. 2d 306, at page 365 of the opinion in that case, this court said that 8-1001 to 8-1007, incl., were enacted in 1955 to assist law enforcement officials in determining whether persons apprehended for driving motor vehicles

while under the influence of intoxicating liquor were, in fact, in that condition at the time of their apprehension.

We find nothing in the foregoing enactments to evidence legislative intent requiring that the chemical tests therein authorized must be offered, given or refused in every case where an arresting officer apprehends the driver of a motor vehicle on a charge of operating that vehicle while under the influence of intoxicating liquor. Moreover when they are reviewed in their entirety, and examined in the light of the purposes for which they were enacted, along with matters of common knowledge of which we take judicial notice, we are convinced their terms are not to be construed as contemplating or requiring that provisions thereof, authorizing the giving of chemical tests, be regarded as mandatory or that the giving of such tests, absent refusal to submit thereto, is prerequisite to a prosecution for, and valid conviction of, the offense of driving a motor vehicle while under the influence of intoxicating liquor, contrary to the provisions of 8-530, *supra*. With such enactments construed as just indicated appellant's claims of error in refusing his requested instruction and in denying his motion to dismiss the action and discharge him from custody lack merit and cannot be upheld.

We find nothing in other contentions advanced, all of which have been carefully considered, to warrant or permit a conclusion the trial court committed any reversible error in the trial of this case. Therefore its judgment must be and is hereby affirmed.

It is so ordered.