444

(581 P.2d 401)
No. 49,359

CITY OF TOPEKA, KANSAS, *Appellant,* v. ROY A. HOLLENBECK, *Appellee.*

Opinion filed July 21, 1978.

*Leonard M. Robinson,* assistant city attorney, and *Dan E. Turner,* city attorney, for appellant.

No appearance for appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: This is an appeal by the city from an order of the district court dismissing a prosecution. The defendant was tried in municipal court and convicted of disorderly conduct and resisting an officer, in violation of city ordinances. He appealed to district court and there moved that the case be dismissed because the complaint had not been sworn to. The district court found that the complaint had been properly verified but, on its own initiative, inquired into the adequacy of the original notice to appear in municipal court. The uniform complaint and notice to appear which had been utilized did not specify a date and time but, in accordance with local practice, provided that the defendant could appear at any time during court hours within seven days of the issuance of the complaint and notice. The district court found that this latitude granted to the defendant did not comply with Kansas statutes and dismissed the action.

Although the city urges us to determine the validity of its open-time notice to appear, we do not reach that question because we think it clear that in this case the defendant waived any defects in the notice to appear. The defendant secured his release from jail by signing a recognizance bond to appear for trial at a specified day and time. He did appear in municipal court, as required by the bond, pleaded not guilty, and was tried. The "notice to appear" did not set his time for appearance—the recognizance bond did that. The notice in this case served only as a written complaint, which the trial court found to be properly verified.

In *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P.2d 397 (1944), the defendant was arrested and charged orally with driving while intoxicated and destroying city property. A trial date was set and he posted bond for appearance. The defendant was convicted in police court and appealed to district court. In district court he argued for the first time that he should be discharged in part because there had been no written or verified complaint against him. The district court denied his motion to dismiss and he was tried and found guilty. On appeal, the Supreme Court noted that the defendant had not demanded a written complaint under oath at the time he was arraigned in police court or at any time during his trial. The court held that "[t]he execution of an appearance bond and/or a recognizance for appeal waive all defects in the process . . . under which a defendant has been . . . brought before the court for trial." (Syl. 2)

In *State v. Barry,* 183 Kan. 792, 332 P.2d 549 (1958), the defendant was convicted in county court of driving while intoxicated. He appealed to the district court where he moved for a discharge on the ground that the county court had failed to affix its seal to the complaint, warrant, and transcript of proceedings filed in the district court. The district court denied the motion and on appeal the court affirmed. The court stated that defects of this character are "waived by a defendant when, without having objected thereto, he gives a bond for appearance in the county court and/or furnishes a bond for appeal to the district court." (Syl. 1)

In *State v. Dye,* 148 Kan. 421, 83 P.2d 113 (1938), the defendant contended on appeal the court should reverse on the grounds that the complaint was insufficient. The defendant alleged that the complaint was signed and sworn to before it was filled out. Our court ruled that the "defect, however serious it may have been, was waived by the defendant when he, without objection thereto, gave bond for his appearance at court." (428-429).

While none of these cases deal specifically with a notice to appear, they do illustrate the general rule that objections to personal jurisdiction must be made at the outset of an action or are lost. (See also, 22 C.J.S., Criminal Law § 147 and 5 Am. Jur. 2d, Appearance §§ 5 and 6.) The defendant in this case appeared and submitted to the jurisdiction of the court. Since any deficiencies in the notice to appear were waived by defendant's

appearance in municipal court without objection, the district court erred by dismissing the case.

The judgment is reversed and the case is remanded with directions to proceed to trial.