No. 60,307

STATE OF KANSAS, *Appellee*, v. DENNIS K. FRAKER, *Appellant*.

(748 P.2d 868)

Opinion filed January 15, 1988.

*John C. Humpage*, of Topeka, argued the cause and was on the briefs for the appellant.

*John K. Bork*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, and *James W. Lusk*, county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Dennis K. Fraker, was convicted by jury trial in Osage County District Court of driving under the influence of alcohol or drugs, K.S.A. 1986 Supp. 8-1567(a). He appealed, challenging the use of the written and unsworn traffic citation and notice to appear, issued by the arresting Kansas Highway Patrol trooper, as the complaint. The Court of Appeals held that a prosecution for driving under the influence of alcohol (DUI) can be commenced only by the filing of a verified complaint or information; it vacated defendant's conviction and dismissed the charge against him. *State v. Fraker*, 12 Kan. App. 2d 259, 739 P.2d 940 (1987). We granted the State's petition for review.

We agree with the statutory history as set forth in the opinion of the Court of Appeals. Prosecutions in this state have historically been commenced with the filing of a sworn complaint. See K.S.A. 62-602 (Corrick) and prior law and case annotations cited thereunder. This was carried over into our revised Code of

Criminal Procedure adopted in 1970. See L. 1970, ch. 129, §§ 22-2202(6), -2301. The 1972 legislature first authorized the use of notices to appear, signed by law enforcement officers, as complaints. See L. 1972, ch. 120, § 1(6). Prosecutions for driving under the influence of alcohol could be commenced by the issuance of the uniform traffic citation until January 1, 1985. On that day new statutes became effective, and since then prosecutions for DUI must be commenced with the filing of a verified complaint. Unsworn traffic citations may no longer be used as a complaint in DUI cases; or in cases when the driver is charged with driving while his or her license is suspended, revoked, or cancelled, K.S.A. 1986 Supp. 8-262; or with fleeing from a police vehicle, K.S.A. 8-1568; or with failing to stop or to give information after an accident involving damage to property or death or personal injury, K.S.A. 8-1602, -1603, and K.S.A. 1986 Supp. 8-1604. K.S.A. 1986 Supp. 8-2104(d), requires the arresting officer to take a motorist arrested for those offenses or for any traffic violation which is a felony before a judge of the district court without unnecessary delay. K.S.A. 1986 Supp. 8-2106 authorizes the use of traffic citations for various misdemeanors and traffic infractions when the person "is not required to be taken before a judge of the district court." Since DUI is one of those offenses for which the accused must be taken before a judge of the district court without unnecessary delay, an unsworn traffic citation cannot be used as a complaint when a charge of this offense is to be made. The legislature has limited the use of the unsworn traffic citation as a complaint. Its use in DUI cases is no longer authorized.

Fraker did not waive any of the irregularities in the commencement of these proceedings. When he was taken before the district magistrate judge, he moved to dismiss the charge before trial, contending that the prosecution could not be commenced on the unsworn citation. He has so contended throughout. We agree with the Court of Appeals that the charge of DUI was not properly commenced without a verified complaint. Fraker's conviction must be vacated.

The Court of Appeals held that the error in the trial court was jurisdictional; with that we disagree. It is true that our statutes require a complaint charging DUI to be verified. That does not

mean, however, that verification of the complaint cannot be waived. K.S.A. 22-3208(3) requires "[d]efenses or objections based on defects in the institution of the prosecution or in the complaint," with certain exceptions, be raised only by motion before trial. Fraker timely raised that objection. The notice to appear, issued and signed by the officer in this case, contains more than enough information to charge the offense of DUI; its only failing, as a complaint, is that it is not sworn to by the complainant before the judge. The verification of a complaint is a defect which may be waived; lack of verification does not oust the court of jurisdiction. See *State v. Searle*, 136 Kan. 177, 179-80, 14 P.2d 636 (1932); *State v. Alton*, 127 Kan. 832, 275 Pac. 166 (1929); *State v. Griggs*, 103 Kan. 344, 173 Pac. 908 (1918); *State v. Edwards*, 93 Kan. 598, 144 Pac. 1009 (1914); *State v. Miller*, 87 Kan. 454, 124 Pac. 361 (1912); *City of Garnett v. Guynn*, 7 Kan. App. 414, 53 Pac. 275 (1898). Similarly, we have held that even though the statute required a petition for divorce to be verified, lack of verification did not oust the court of jurisdiction. *Patterson v. Patterson*, 164 Kan. 501, 190 P.2d 887 (1948).

Where the charging document, whether in the form of a formal complaint or in the form of a notice to appear, contains all of the information necessary to charge the offense of DUI, but is unverified, and where the accused appears and proceeds to trial without objecting to the lack of verification, the defect is waived. K.S.A. 22-3208(3). In such cases the accused has had notice of the charge made against him or her, has elected to proceed to trial without objecting to the lack of verification, and has suffered no prejudice. It is the general rule that any objection to the verification of the information is waived by failure to interpose a timely objection. See 41 Am. Jur. 2d, Indictments and Informations § 305, and 42 C.J.S., Indictments and Informations § 305(c), and cases there cited. We hasten to add, however, that we are not concerned here with the issuance of a warrant of arrest upon a finding of probable cause; no warrant was issued in this case, and in most DUI cases no warrant is issued when the accused appears pursuant to notification. This case does not involve a finding of probable cause, necessary to support the issuance of a warrant, which must be based upon sworn infor-

mation. See K.S.A. 1986 Supp. 22-2302, and *Wilbanks v. State*, 224 Kan. 66, Syl. ¶¶ 1-6, 579 P.2d 132 (1978).

For the reasons stated, the defendant's conviction is vacated, the judgment of the Court of Appeals is affirmed as modified, and the judgment of the district court is reversed.